# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLARENCE D SCHREANE,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-15-2107 |
| v. : | |
| : | (Judge Caputo) |
| **SULLIVAN, ASSOCIATE WARDEN** : | |
| : | |
| Respondent : | |

# M E M O R A N D U M

## I. Introduction

On October 26, 2015, Clarence D. Schreane, a federal inmate housed at the Allenwood United States Penitentiary in White Deer, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his petition, Mr. Schreane requests the court to issue Assistant Warden Sullivan an injunction requiring her to provide him with additional access to the facility's Electronic Law Library (ELL).  He claims Assistant Warden Sullivan's failure to provide him greater access to the ELL violates his Sixth and Eighth Amendment rights.  (Doc. 1, Pet.)

For the reasons set forth below, the court will summarily dismiss the petition.

## II. Standard of Review

This matter is before the court for screening.  *See* 28 U.S.C. § 2243.  The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (applicable

to § 2241 petitions under Rule 1(b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158 - 59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Federal law provides two main avenues of relief to incarcerated persons: a petition for writ of habeas and a civil-rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750, 125 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) (per curiam). "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 92 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750, 124 S.Ct. at 1304. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542.[1] In sum, federal habeas relief is unavailable

---

[1] As a § 1983 action applies only to state actions, it is not available to federal prisoners; the federal counterpart is an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging deprivation of a constitutional right. Courts have interpreted a *Bivens* action as "the federal equivalent of the § 1983 cause of action against state actors" and exists where federal officers, acting under color of federal law, violate a plaintiff's constitutional rights. *See Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

unless the petition attacks the "validity of the continued conviction or the fact or length of the sentence." *Id*., 288 F.3d at 542.

### III. Background

Since Mr. Schreane's reception at USP Allenwood on July 22, 2015, he has experienced difficulty obtaining "adequate access to the (ELL) Electronic Law Library." (Doc. 1, ECF p. 2.)  As he is housed in the institution's Segregated Housing Unit (SHU), his out-of-cell time is limited.  He is permitted to exercise for one-hour five days a week.  In July 2015 when he advised Assistant Warden Sullivan that he needed additional time in the ELL to work on his five active legal matters he was required to choose between attending the ELL or recreation.  (*Id*., ECF p. 3.)  Mr. Schreane contends forcing him to forgo recreation so he may conduct legal research violates his Eighth Amendment rights. Between July 2015 and October 2015, he "has only been in the law library ten times" which he deems inadequate and violates of his Sixth Amendment rights.  Assistant Warden Sullivan's gratuitous rules concerning his access to the ELL "ha[ve] made Schreane means to research very difficult."  (*Id*.)

### IV. Discussion

In the instant case, Mr. Schreane seeks additional access to the institution's ELL without being required to forfeit out-of-cell recreation time.  He does not seek either a speedier release from prison or a judicial determination that necessarily implies the unlawfulness of his incarceration.  He is not attacking his federal sentence as unlawful and is not implicating relief that could alter the length of his confinement.  Mr. Schreane's

claims center around his conditions of confinement rather than the fact or duration of his confinement. His claims that he is being denied access-to-the-courts and recreation opportunities all relate to the conditions of his confinement rather than the execution of his sentence. As such, a habeas petition is an improper vehicle for Mr. Schreane's requested relief in this action. Rather, such claims must be brought in a *Bivens* action. *Bivens*, *supra.* Thus, this matter will be dismissed without prejudice to any right Mr. Schreane may have to assert his claims in a properly filed *Bivens* action.[2]

An appropriate Order follows.

                                                  **/s/ A. Richard Caputo**
                                                  **A. RICHARD CAPUTO**
                                                  **United States District Judge**

**Date: December 15, 2015**

---

[2] The court expresses no opinion as to the merits, if any, of the civil-rights claim Mr. Schreane may file based on the facts asserted in the instant petition.